Filed: 7/5/2022 9:34
C
LaPorte Superior Court 1
LaPorte County, Indi

| STATE OF INDIANA | ) | IN THE LAPORTE SUPERIOR COURT |
| --- | --- | --- |
|  | ) SS: |  |
| COUNTY OF LAPORTE | ) | SITTING IN MICHIGAN CITY, INDIANA |

ANGELINE FRANKLIN         )
    Plaintiff,                    )
                                       )
vs.                                    )     CAUSE NO:    46D01-2207-CT-000997
                                       )
SPEEDWAY, LLC, a Foreign Limited )
Liability Company,                )
                                       )
    Defendant.                 )

## COMPLAINT FOR PERSONAL INJURY AND JURY DEMAND

ANGELINE FRANKLIN, (hereinafter "ANGELINE") by CUSTY LAW FIRM, LLC, for her Complaint against the Defendant, SPEEDWAY, LLC, a Foreign Limited Liability Company alleges and states:

1. At all times relevant, Angeline was a resident and citizen of LaPorte County, Indiana.

2. Speedway, LLC ("Speedway") is a corporation organized under the laws of Ohio with a principal place of business at 500 Speedway Drive, Enon, Ohio 45323. Speedway is properly served through its registered agent Corporate Creations Network Inc., 8520 Allison Pointe Blvd., #220, Indianapolis, IN 46250.

3. Speedway owned, operated, managed, maintained, or controlled the gas station and convenience store located at 5905 North US 35, LaPorte, Indiana (the "Premises") which was open to the public as a convenience store where products were sold for profit.

4. As part of its business, Speedway invited and encouraged the public to enter the Premises and shop.

5. At all times relevant, Speedway owned, operated, managed, maintained, or controlled the Premises, had the authority to implement policies to detect hazardous conditions on the Premises, and through each of their agents and employees, had the duty to maintain the walkways and floors of the store and either correct or warn others of hazardous conditions. Speedway had sufficient control to prevent, repair or warn of the defective condition or conditions at issue in this matter.

6. On or about July 20, 2020, Angeline was an invitee of Speedway at the Premises to shop and purchase goods. Speedway, through their respective agents and employees, permitted Angeline to enter the Premises and did not object to Angeline entering and remaining on the Premises during that period.

## COUNT ONE
### *(Negligence)*

7. Plaintiff realleges paragraphs 1-6 of this Complaint as if set forth herein.

8. On or about July 20, 2020, Speedway owed Angeline and others a duty as an owner or occupier or manager of the Premises to exercise ordinary care to see that the Premises was reasonably safe for the use of those lawfully on the Premises.

9. Speedway owned the Premises with an intent to control it.

10. Alternatively, if Speedway did not own the Premises with an intent to control it, Speedway carried out acts for the owner or possessor of the Premises and each is subject to liability as if it possessed the Premises.

11. Further, if Speedway did not own or occupy the Premises with an intent to control it, Speedway was required to exercise the general duty of reasonable care to prevent harm towards others.

12. On or about July 20, 2020, contrary to a duty of care owed, Speedway was negligent in one or more of the following ways, *inter alia*:

(a) Created or allowed to continue a dangerous condition that existed on the floor of the Premises for a sufficient length of time to detect, repair, or warn others of the condition and failed to detect or ameliorate the condition;

(b) Failed to reasonably inspect and monitor the Premises for dangerous or potentially hazardous conditions on the floor;

(c) Knew or should have known that a condition existed at the Premises and realized that it created an unreasonable danger to an invitee such as Angeline;

(d) Should have expected that an invitee would not discover or realize the danger of the condition(s) or would fail to protect himself or herself against it;

(e) Failed to take proper measures to ensure the floors of the Premises were kept in safe condition;

(f) Failed to use reasonable care to protect any invitee from the dangerous condition(s) at the Premises;

(g) Failed to warn invitees and users of the Premises of the dangerous condition(s) at the Premises;

(h) Failed to implement reasonable inspection policies so that the dangerous condition(s) at the Premises would have been discovered before an invitee could encounter the dangerous condition(s) and be harmed;

(i) Failed to implement reasonable policies so that any dangerous condition would be escalated and remedied in a reasonable manner so as to prevent harm to invitees;

(j) Knew that a dangerous condition existed on the floor for a sufficient time and failed to give adequate warning of the condition to invitees such as Angeline;

3

(k) Failed to warn Angeline of any dangerous or potentially hazardous condition on the floor;

(l) Failed to reasonably anticipate that Angeline would trip, slip and/or fall due to a hazardous condition on the floor;

(m) Failed to otherwise prevent Angeline from tripping, slipping and falling due to a hazardous condition on the floor;

(n) Carelessly and negligently permitted persons, including Angeline to use the floor when they knew or should have known that said surface was in a dangerous and hazardous condition;

(o) Failed to discover the dangerous condition(s) that existed at the Premises after the condition had existed for sufficient time when it should have been discovered and corrected;

(p) Failed to otherwise maintain its Premises in a reasonably safe condition for the protection of its guests, including Angeline;

(q) Failed to take necessary and reasonable steps in removing dangerous conditions or potentially hazardous conditions on the floor or walkway before an invitee could encounter the dangerous condition and be harmed;

(r) Failed to maintain the Premises in such a way to not cause injury to invitees;

(s) Failed to provide a safe walking surface for invitees;

(t) Failed to ensure that the Premises were safe, suitable, and proper for invitees; and/or

(u) Behaved otherwise differently than a reasonable owner, occupier, manager or other person or entity would have under the same or similar circumstances.

13. As a direct and proximate result of the negligence of Speedway, Angeline fell to the ground resulting in severe personal injuries.

14. Defendant, Speedway failed to warn Angeline of any dangerous condition that caused the fall or address it in any way.

15. As a direct and proximate result of Angeline's fall and the conduct of Speedway, Angeline was physically injured, suffered and continues to suffer emotional distress and

sustained other personal injuries; incurred hospital, diagnostic, pharmaceutical, and other medical expenses; suffered and will suffer physical pain, mental suffering, and loss of enjoyment of life; lost and will continue to lose wages into the future; and incurred other injuries and damages of a personal and pecuniary nature.

WHEREFORE, Plaintiff, ANGELINE FRANKLIN, seeks the entry of judgment in her favor and against Defendant, Speedway, LLC, for compensatory damages in an amount to be determined herein, prejudgment interest, for the costs of this action, and for any and all other relief that the Court and Jury may deem proper under the circumstances.

Respectfully submitted,

CUSTY LAW FIRM, LLC

/s/ Andrew G. Brown
Andrew G. Brown (IN 36244-64)
Brian N. Custy (IN 26329-64)
4004 Campbell Street, Suite 4
Valparaiso, Indiana 46385
219-286-7361
abrown@custylaw.com
bcusty@custylaw.com

### JURY DEMAND

Comes now, Angeline Franklin, who respectfully demands trial by jury.

Respectfully submitted,

CUSTY LAW FIRM, LLC

/s/ Andrew G. Brown
Andrew G. Brown (IN 36244-64)
Brian N. Custy (IN 26329-64)
4004 Campbell Street, Suite 4
Valparaiso, Indiana 46385
219-286-7361

abrown@custylaw.com
bcusty@custylaw.com

6